# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HEATHER ANNE GALLICHANT,**

      **Plaintiff,**

**v.**                                            **Case No:   6:14-cv-1425-Orl-41DAB**

**OFFICE OF DISABILITY ADJUDICATION AND REVIEW,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS/AFFIDAVIT OF INDIGENCY (Doc. No. 2)**
>
> **FILED:** September 3, 2014
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

Plaintiff has filed suit against the Office of Disability Adjudication and Review, rather than the Commissioner of Social Security, although her allegations arise out of her application for disability. Plaintiff alleges:

> I have been applying for disability for the past 3 years and have most recently been denied an appeal of the administrative law judge. I believe the process of approval for disability is prejudicial for those who have sufficient support to help them. I cannot work due to mental health problems and suspect I have medical problems concerning my back. The administrative law judge indicated I have a mental health and physical problem but they just

>don't have enough documentation for him.  I was informed by a law firm that this is the next course of action in this case or I will lose all back information for a new case.

Doc. 1.  Plaintiff seeks the following relief:  "I would like the court to appoint a medical and mental health professional that would report to the court my disabilities. . . . [I] don't understand why I feel like this and don't qualify for disability."  Doc. 1 at 2.

Plaintiff appears to challenge the Social Security Administration's decision denying her claim of disability. It is not clear that Plaintiff has exhausted her administrative remedies because she has not pled the date of the denial of her claim of disability or the denial of the "appeal of the administrative law judge," nor attached any document indicating how and when that decision was made.  However, in the Statement of Claim section of her Complaint, Plaintiff alleges a claim against the "Commissioner of Social Security for discriminating against those of us who have limitations and are on a limited income and not able to retain adequate attorneys to present our cases adequately especially mine."  Doc. 1.

The regulations governing Social Security Disability decisions, Title 42 U.S.C. § 383(c)(3) provide:

>The final determination of the Commissioner of Social Security after a
>hearing under paragraph (1) shall be subject to judicial review as provided
>in section 405(g) of this title to the same extent as the Commissioner's
>final determinations under section 405 of this title.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for federal judicial review **within sixty days** of notification of "any final decision of the Commissioner made after a hearing to which [claimant] was a party."  This is the *exclusive* method of judicial review of a decision concerning disability by the Social Security Administration:

>The findings and decision of the Commissioner after a hearing shall be
>binding upon all individuals who were parties to such a hearing.   No
>findings of fact or decision of the Commissioner shall be reviewed by any
>person, tribunal, or government agency except as herein provided.

42 U.S.C. § 405(h).   It is well settled that under 42 U.S.C. §§ 405(g) and (h), judicial review of Social Security benefit determinations is limited to "final" decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court. *See Califano v. Sanders*, 430 U.S. 99, 103 n. 3, 97 S.Ct. 980, 983 n. 3, 51 L.Ed.2d 192, 198 n. 3 (1977); *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C.Cir.1993); *Marcus v. Sullivan*, 926 F.2d 604, 612–14 (7th Cir.1991).

Following the initial determination of a claim, a claimant has the opportunity to seek a hearing before an ALJ, 20 C.F.R. §§ 404.933, 404.936, 404.955, and to have that determination reviewed by the Appeals Council. 20 C.F.R. § 404.968. A determination is only final after the Appeals Council has denied review or decided the case after review. 20 C.F.R. § 404.981. It is at that point that there is a final decision subject to judicial review under 42 U.S.C. § 405(g).

Here, it appears that Plaintiff seeks to appeal to the Court directly from the administrative law judge's decision, who denied her claim for disability.   It is clear that the Court has jurisdiction to review only *final* decisions of the Commissioner, which requires a decision after an appeal to the Appeals Council.  Plaintiff has not alleged that she has received from the Social Security Administration a final decision appealable to this Court, or that she has timely filed an appeal to this Court from such Appeals Council decision.  *See Califano v. Sanders,* 430 U.S. 99, 107-108, 51 L.Ed.2d 192, 97 S.Ct. 980 (1977); *Weinberger v. Salfi,* 422 U.S. 749 (1975).

It is respectfully **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** with leave to amend if she can state a timely appeal against the Commissioner of Social Security from any final decision of the Appeals Council denying her claim for Social Security Disability benefits.  It is further **RECOMMENDED** that Plaintiff's Motion For Leave To Proceed In Forma Pauperis (Doc. 2) be **DENIED without prejudice**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 8, 2014.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy